IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>DANIEL AUBREY JENKINS,<br><br>                             Defendant. | Case No. 21-20060-JAR |

### JENKINS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS
### ON STATUTE OF LIMITATIONS GROUNDS

      Comes now the defendant, Daniel Aubrey Jenkins, by and through his attorney, Mark Thomason, and files this reply in support of his motion to dismiss the Indictment on statute of limitations grounds. In his opening motion (Dkt. #161), Jenkins argued that Count One should be dismissed pursuant to Fed.R.Crim.P. 12(b)(3)(B) and 18 U.S.C. § 3282, because the Government's Indictment seeks to prosecute Mr. Jenkins for alleged crimes committed outside the limitations period. In addition, he argued that the substantive offense alleged in Counts Five and Seven should be dismissed because there is a significant risk that, as currently charged, a jury would convict Mr. Jenkins based solely on conduct falling outside the limitations period of 18 U.S.C.§ 3298. Finally, Mr. Jenkins argued that all counts against him must be dismissed because prosecution under 18 U.S.C. § 3283 violates the Ex Post Facto Clause of the United States Constitution.

      Because the Government's arguments in opposition to his motion (*see* Dkt. #185) are unavailing, Mr. Jenkins' motion should be granted and the case against him should be dismissed on statute of limitations grounds.

**STATEMENT OF FACTS**

Jenkins incorporates the Statement of Facts in his opening motion. Dkt. #161.

**DISCUSSION**

The Government's arguments that the Indictment was timely filed as to Mr. Jenkins fail to persuade because Mr. Jenkins withdrew from UNOI in April 2007. As discussed in his opening motion and as further explained below, this withdrawal means that none of the charges are timely as to Jenkins and the Indictment must be dismissed. In addition, because prosecution under the 2006-version of 18 U.S.C. § 3283 would violate Mr. Jenkins' Ex Post Facto right, even the extended statute of limitations cannot make this prosecution timely.

First, the conspiracy charged in Count One is untimely as to Jenkins. Even assuming, *arguendo*, that the statute of limitations applicable to the forced labor charges is ten rather than five years because the charged acts are "continuous offenses" (see 18 U.S.C. § 3298; Dkt. #185 at p. 3-4; but see Dkt. #161 at p. 13 [noting that whether 18 U.S.C. § 1589 is a continuing offense in the Tenth Circuit has not yet been decided]), the Government cannot prove that Jenkins took any action within the limitations period or that the actions of any of his co-conspirators within that period can be attributed to him.

On or about April 1, 2007, Mr. Jenkins was removed from his UNOI position, withdrew from UNOI, and not return to UNOI thereafter. *See* Dkt. #161 at p. 3. The Indictment was filed on October 20, 2021 – more than 4 ½ years after the expiration of even a 10-year limitations period (which would have occurred as to Mr. Jenkins on April 1, 2017). Thus, even if the Government could establish that any of the overt acts charged in the Indictment extended into the 10-year period between April 2007 and April 2017, and even giving the benefit of the doubt to the Government on every other statute of limitations argument presented within Mr. Jenkins' opening motion, the

case would be untimely filed as to Mr. Jenkins. *See Smith v. United States*, 568 U.S. 106, 111, 133 S. Ct. 714, 719, 184 L. Ed. 2d 570 (2013) (Withdrawal . . . starts the clock running on the time within which the defendant may be prosecuted, and provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period.").

Second, assuming, again *arguendo*, that 18 U.S.C. § 3283's effectively limitless limitations period ("during the life of the child, or for ten years after the offense, whichever is longer") applies in theory to the prosecution here (as the Government asserts [Dkt. #185 at p. 9]), prosecution of Mr. Jenkins under this provision would be both illogical and unconstitutional.

It would be illogical because, as Mr. Jenkins discussed in his opening motion at p. 14, there is no evidence that the Defense has seen that establishes that either MV-9 or MV-5 were under 18 years of age during the timeframe in the Indictment (October 28, 2000, through November 30, 2012). There is, in fact, evidence to the contrary – MV-5 was born in 1981 and would have turned 19 in 1999. *See* Dkt. #161 at p. 14. Although the Defense is not presently aware of the birthdate of MV-9, even if s/he was eight years old (the youngest age at which victims' "labor and services" were compelled [Ind. at ¶ 190), s/he would have turned 18 in 2010, before the forced labor limitations period commenced on October 20, 2011.

It would be unconstitutional because prosecution of Mr. Jenkins under the most expansive version of 18 U.S.C. § 3823 would violate the Ex Post Facto Clause of the Constitution. As discussed in Mr. Jenkins' opening motion at p15, the language of 18 U.S.C. § 3283 was amended in 2003 and again in 2006 to expand the limitations period, first from "before the child reaches the age of 25 years" (18 U.S.C. § 3283 (1994), Pub.L. 103-322, 108 Stat. 2149 (Sept. 13, 1994)) to "during the life of the child" (18 U.S.C. § 3283 (2003), Pub.L. 108-21, 117 Stat. 660 (Apr. 30.

2003)) and then to "during the life of the child, or for ten years after the offense, whichever is longer" (18 U.S.C. § 3283 (2006)).

"A conviction for a continuing offense straddling enactment of a statute will . . . run afoul of the Ex Post Facto clause . . . [if] it was possible for the jury . . . to convict *exclusively* on pre-enactment conduct." *United States v. Monaco,* 194 F.3d 381, 386 (2d Cir.1999). Setting aside Mr. Jenkins' withdrawal from UNOI in 2007, prosecution under the 2006, or even the 2003, versions of § 3283 would violate the Ex Post Facto Clause as to Count Seven because MV-5 turned 18 in 1999. For a jury to convict Mr. Jenkins of the alleged forced labor of a minor violations as to MV-5, the jury would have to consider exclusively conduct occurring before MV-5's birthday in 1999; *i.e.*, well before enactment of the enhanced statute of limitations in 2003, let alone the current version in 2006.

Concerning MV-9, Count Five of the Indictment asserts a violation of the forced labor law from October 28, 2000, through November 30, 2012. The Defense is aware that there is some evidence that "victims" were not permitted to work until they turned 16, which would mean that MV-9 could have been 16 in 2000, 17 in 2001, and turned 18 in 2002 – before the limitations period was extended in 2003. Prosecution of Mr. Jenkins on Count Five carries a grave danger that the jury could convict based only on conduct occurring before the enactment of the 2003 enhanced statute of limitations.

Notably, although the Government's opposition to Mr. Jenkins' motion references numerous instances of alleged abuse (Dkt. #185 at pp. 16-25), it provides no timeframe as to any of those allegations. But it is impossible that all of the minor victims in this case were in fact under the age of 18 for the duration of the time period alleged in the Indictment. Even if they were under 18 for some fraction of the alleged period, they would have reached 25 years of age well before

4

the Indictment was filed in 2021. Even on the conspiracy alleged in Count One, therefore, it would be possible for a jury to convict Mr. Jenkins based solely on conduct that occurred before the statute of limitations in § 3283 was expanded. As the Supreme Court has repeatedly affirmed, "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156 (1970) (quoting *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929, 19 L.Ed.2d 1055 [1968] [in turn quoting *United States v. Scharton*, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932)])

For these reasons, prosecution of Mr. Jenkins would violate the Ex Post Facto Clause. The accusations against Mr. Jenkins in the operative Indictment should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons set forth above as well as in his motion to dismiss (Dkt. #161), Mr. Jenkins' motion to dismiss the indictment on statute of limitations grounds should be granted.

Respectfully submitted,

/s/ Mark A. Thomason
Mark A. Thomason #22227
Law Office of Mark Thomason, LLC
929 Walnut St Suite 101
Kansas City, MO 64106
816.229.8686 / 816.229.9494 fax
mthomasonlaw@yahoo.com
Co*unsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.

//s// Mark A. Thomason