IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DOCKET

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**KAABA MAJEED,**<br>**YUNUS RASSOUL,**<br>  **a.k.a. YUNUS RASSOULL,**<br>**JAMES STATON,**<br>  **a.k.a. ADAM WINTHROP,**<br>**RANDOLPH RODNEY HADLEY,**<br>**DANIEL AUBREY JENKINS, and**<br>**DANA PEACH,**<br><br>      **Defendants.** | **Case No. 2:21-cr-20060-JAR** |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through Trial Attorneys Kate Alexander, Maryam Zhuravitsky, and Francisco Zornosa, and Assistant United States Attorney Ryan Huschka, hereby proposes the following final jury instructions – in addition to the Court's standard jury instructions – subject to any issues that may arise during trial:

\*\*\*

INSTRUCTION NO. X

**Conspiracy—Existence of Lawful and Unlawful Objectives**[1]

While the government must prove that there was an unlawful object to the conspiracy, the government need not prove that the conspiracy had only a criminal purpose.  In other words, it is not a defense to the conspiracy charge that the defendants may have had legal objectives as well as illegal objectives.

Any conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate federal law, then the conspiracy is unlawful.

---

[1] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 53 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008).

INSTRUCTION NO. X

## Acts and Statements of Co-Conspirators[2]

Evidence has been received in this case that certain persons, who are alleged to be co-conspirators, have done or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendants, any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendants' absence and without his or her knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before the defendants joined the alleged conspiracy may also be considered by you as evidence against each defendant. However, acts done or statements made before the alleged conspiracy began or ended may only be considered by you as evidence against the person who performed that act or made that statement.

---

[2] *See* Third Circuit Pattern Jury Instruction 6.18.371K (2021).

INSTRUCTION NO. X

**<u>Withdrawal</u>**

One or more of the defendants have raised the affirmative defense of withdrawal from the conspiracy.

If you have first found that the defendant was a member of the conspiracy charged in Count One, then you must determine whether the defendant thereafter withdrew from the conspiracy before October 21, 2011. In order to find that the defendant withdrew from the conspiracy, you must be convinced that the defendant has proven by a preponderance of the evidence that he took an affirmative step to defeat the purpose of the conspiracy, either by reporting to the authorities or communicating to his coconspirators that he was no longer participating in the conspiracy.[3] Passive nonparticipation in the continuing scheme is not enough to prove a defendant's withdrawal from a conspiracy.[4] Even if a defendant severs ties with the unlawful enterprise, if he continues to benefit from the conspiracy financially or otherwise, then he has not withdrawn from the conspiracy.[5]

Although it is the defendant's burden to prove withdrawal from a conspiracy prior to October 21, 2011, the government may rebut that evidence by impeaching the defendant's

---

[3] Tenth Circuit Pattern Criminal Jury Instruction 2.22 (2021).

[4] *See Smith v. United States*, 568 U.S. 106, 112-13 (2013).

[5] *See United States v. Berger*, 224 F.3d 107, 118-19 (2d Cir. 2000); *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir. 1999), *amended in part*, 211 F.3d 1224 (11th Cir. 2000) (citing with approval to Second Circuit case where "attorney who, despite resigning from the conspiratorial enterprise, continued to be entitled to a percentage of the conspiratorial proceeds did not effectively withdraw"); *United States v. Antar,* 53 F. 3d 568, 583-84 (3d Cir. 1995) (defendant did not make out prima facie case of withdrawal when he resigned from enterprise but retained stock and thereby "continued to receive the fruits of the fraud"), *overruled on other grounds by Salinas v. United States*, 522 U.S. 52 (1997).

evidence or presenting evidence of his conduct that furthered the conspiracy and which took place after the alleged act of withdrawal.[6]

If you find that a defendant proved that he withdrew from the conspiracy by a preponderance of the evidence, then you must not consider as evidence against him, any statements made by alleged co-conspirators after the date of withdrawal. You should also remember that the fact that a defendant raised this defense does not relieve the government of the burden of proving all the elements of the offense charged in Count One beyond a reasonable doubt.[7] For purposes of this instruction, to prove a fact by a preponderance of the evidence means to prove that the fact is more likely so than not so. This is a lesser burden of proof than to prove a fact beyond a reasonable doubt.[8]

---

[6] *See Smith v. United States*, 568 U.S. 106, 110-12 (2013); *United States v. Steele,* 685 F. 2d 793, 803 (3d Cir. 1982).

[7] *See* Third Circuit Pattern Jury Instruction 6.18.371J-2 (2021); *United States v. Piette*, 45 F.4th 1142, 1163 (10th Cir. 2022).

[8] *See* Tenth Circuit Pattern Criminal Jury 1.36 (2021).

INSTRUCTION NO. X

**Offense Instruction – Counts Two through Eight**[9]
**(Forced Labor)**

Counts Two through Eight of the Indictment charge the defendants with Forced Labor in violation of Section 1589, Title 18, United States Code.  This law makes it a crime to obtain labor or services from another person by the use of, or threatened use of, coercive means.

For you to find each defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

*First*: on or about the date listed in the Indictment, the defendant provided or obtained the labor or services of the victim named in that particular count of the Indictment (for example, [NAME] for Count 2);

*Second*: the defendant used at least one of the following prohibited means:

    a) Threats of serious harm to, or physical restraint against, the victim or another person;

    b) Any scheme, plan or pattern intended to cause the person to believe that non-performance of the labor or services would result in serious harm to, or physical restraint against, the victim or another person, or

    c) The abuse or threatened abuse of law or the legal process; and

*Third*: the defendant acted knowingly.

---

[9] *See* 18 U.S.C. § 1589 (2000); *United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 62-63 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008); *United States v. Calimlin*, No. 2:04-cr-248, ECF 188, Jury Instructions at 33 (E.D. Wis. May 25, 2006); *United States v. Chaudhri*, No. 3:19-cr-85, ECF 223, Jury Instructions at 33 (E.D. Va. 2022).

INSTRUCTION NO. X

**Identity of the Victims**

Each of the alleged victims in this case have been identified in the Indictment as a minor victim, followed by a number (*i.e.*: MV-1).  I instruct you that the following victim names correspond to the relevant minor victim number as alleged in the Indictment.

MV-1 is Shakira M.

MV-2 is Devon Y.

MV-3 is Amira K.

MV-4 is Niesha K.

MV-5 is Elijah M.

MV-6 is Dawnisha W.

MV-7 is Tymiah K.

MV-8 is Doneika D.

MV-9 is Juan D.

MV-10 is Kendra R.

INSTRUCTION NO. X

**First Element – Forced Labor: Provides or Obtains Labor or Services**

In considering the first element of a forced labor charge, you must decide whether each defendant provided or obtained the labor or services of another person—namely, the victim named in that particular count of the Indictment.

I instruct you that, in considering this element, the words "provide" and "obtain" are to be given their ordinary meanings.[10]

"Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone or something.[11]

If you find beyond a reasonable doubt that the defendant provided or obtained the labor or services of the victim named in the particular count of the Indictment that you are considering, then the first element has been satisfied.

---

[10] *See United States v. Luong*, No. 3:20-cr-79-KDB, ECF 71, Jury Instructions at 52 (W.D.N.C. Jan. 8, 2021); *see also Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.").

[11] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 64 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008) (finding no plain error with an instruction defining labor as "the expenditure of physical or mental effort" because Section 1589 "appl[ies] to coerced acts other than 'work in an economic sense'").

INSTRUCTION NO. X

**Second Element – Forced Labor: Prohibited Means**

In considering the second element of a forced labor charge, you must find beyond a reasonable doubt that one or more of the following prohibited means was used by the defendant to provide or obtain the labor or services of the victim named in that count of the Indictment:

a) threats of serious harm to, or physical restraint against, the victim or another person;

b) any scheme, plan or pattern intended to cause the person to believe that non-performance of the labor or services would result in serious harm to, or physical restraint against, the victim or another person; or

c) the abuse or threatened abuse of law or the legal process.

The term "serious harm" means any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances as the victim to perform or to continue performing labor or services in order to avoid incurring that harm.[12]

The words "scheme, plan, or pattern" need not involve actual threats of serious harm but may involve any other means—including deception or psychological coercion—used to cause the victim to reasonably believe that he, or another person, would suffer serious harm if he refused to continue providing labor or services.[13]

---

[12] 18 U.S.C. § 1589(c)(2).

[13] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 65 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008); *United States v. Nnaji*, No. 4:09-CR-172-A, ECF 84, Jury Instructions at 13 (N.D. Tex. Feb 2, 2010), *affirmed*, 447 F. App'x

In determining what "a reasonable person in the same situation as the victim" would do, or what a victim "reasonably believed," you may consider, for example, the method or form of the threats or "scheme, plan, or pattern" used in relation to that victim's particular station in life; his or her background, age, physical and mental condition or special vulnerabilities, if any; his or her experience, education, intelligence, any inequalities between the victim and the defendant with respect to these considerations; and any reasonable means the victim may have had to escape.[14]

The term "abuse or threatened abuse of law or the legal process" refers to any law or a legal process, whether civil or criminal, against another person primarily to accomplish a purpose for which the law or process was not designed.[15]

---

558, 559 (5th Cir. 2011) (upholding convictions for forced labor and conspiracy to commit forced labor); *United States v. Calimlim*, No. 2:04-cr-248, ECF 188, Jury Instructions at 38 (E.D. Wis. May 25, 2006); *United States v. Murra*, No. 4:16-CR-078-O-1, ECF 173, Jury Instructions at 11 (N.D. Tex. Aug. 5, 2016), *affirmed*, 879 F.3d 669, 686 (5th Cir. 2018) (upholding convictions for forced labor); *see also* H.R. Conf. Rep. No. 106-939, 2000 WL 1479163, at *100-01 (Oct. 5, 2000) (TVPA legislative history, noting that "Section 1589 is intended to address the *increasingly subtle methods* of traffickers who place their victims in modern-day slavery, such as where traffickers threaten harm to third persons, restrain their victims *without physical violence or injury*, or threaten *dire consequences by means other than overt violence*. . . . [F]ederal prosecutors *will not have to demonstrate physical harm or threats of force* against victims" (emphasis added)); *United States v. Bradley*, 390 F.3d 145, 150 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) (upholding jury instruction using and defining "serious harm" in a Section 1589 prosecution to include threats of any consequences, whether physical or non-physical, that are sufficient, under all of the surrounding circumstances to compel or coercive a reasonable person in the same situation to provide or continue providing labor or services).

[14] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 66 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008).

[15] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 65-66 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008); *United States v. Luong*, No. 3:20-cr-79-KDB, ECF 74, Jury Instructions at 52 (W.D.N.C. Jan. 8, 2021); *United States v. Calimlim*, No. 2:04-cr-248, ECF 188, Jury Instructions at 38 (E.D. Wis. May 25, 2006); *see also United States v. Calimlim,* 538 F.3d 706, 713 (7th Cir. 2008) (finding the defendants' threats to report the victim to immigration authorities constituted an "abuse of legal process," even when the victim was an illegal immigrant and subject to removal, because "immigration laws do not aim to help employers retain secret employees by threat of deportation").

To prove this second element, the government does not need to link actions the defendants allegedly took against the victim to particular labor or tasks performed by the victim. If the victim was threatened with or suffered certain consequences in connection with labor or services he purportedly rendered, either as punishment or as part of a climate of fear that overcame his will and compelled his labor or services, that is sufficient to establish the second element of forced labor.[16]

As long as you unanimously find beyond a reasonable doubt that a defendant provided or obtained the labor or services of the victim by one or more prohibited means as described above, the second element has been satisfied and you do not need to unanimously agree with respect to which means he or she provided or obtained the labor or services.[17]

You are instructed that it is not a defense to the crime of forced labor that the victim may have initially agreed, voluntarily, to perform the labor or services. If a person willingly begins work, but later desires to withdraw, and is then compelled to remain and perform work against his

---

[16] *United States v. Calimlim*, No. 2:04-CR-248, ECF 188, Jury Instructions at 39 (E.D. Wisc. May 25, 2006); *United States v. Murra*, No. 4:16-CR-078-O-1, ECF 173, Jury Instructions at 11 (N.D. Tex. Aug. 5, 2016); *see also United States v. Harris*, 701 F.2d 1095, 1100 (4th Cir. 1983) (upholding defendant's conviction under involuntary servitude statute, § 1584, based on the "climate of fear" the defendant used to compel farm work); *United States v. Booker*, 655 F.2d 562, 566 (4th Cir. 1981) (upholding defendants' conviction under § 1584 and finding that the record "readily establishes the climate of fear pervading" the defendant's agricultural labor camp); *United States v. Farrell*, 563 F.3d 364, 373 (8th Cir. 2009) (considering entirety of defendant's conduct, including poor working and living conditions, threats of deportation, imposition of debt bondage, and isolation as evidence of whether defendant's collective conduct compelled the victims' labor); *United States v. Udeozor*, 515 F.3d 260, 265-66 (4th Cir. 2008) (finding that sexual abuse of a victim by a co-conspirator, when "used to make the victim believe she had no choice but to comply with the [defendant's] demands," was relevant in determining whether a witness was coerced into involuntary servitude); *United States v. Alzanki*, 54 F.3d 994, 999, 1004-05 (1st Cir. 1995) (finding that depriving victim of food and medical care, while simultaneously threatening violence or deportation, contributed to the climate of fear that compelled victim into involuntary servitude).

[17] *See United States v. Barai*, 55 F.4th 1245, 1249 (9th Cir. 2022).

11

will by threats of serious harm, or by any scheme, plan or pattern intended to cause him to believe that non-performance will result in serious harm to him or another person, then the service becomes involuntary.

The United States does not need prove that a defendant used chains, barbed wire, or locked doors for you to find the defendant guilty of forced labor, so long as you find that a defendant used one or more of the other prohibited means to provide or obtain the victim's labor or services.[18]  A person who has been placed in fear of serious harm by a defendant's use of one of the prohibited means previously outlined is under no affirmative duty to try to escape.[19]

---

[18] *United States v. Luong*, No. 3:20-cr-79-KDB, ECF 74, Jury Instructions at 55 (W.D.N.C. Jan. 8, 2021); *United States v. Farrell*, No. 07-CR-30019, ECF 118, Jury Instructions at 18 (D.S.D. Nov. 2007); *United States v. Calimlim*, No. 2:04-CR-248, ECF 188, Jury Instructions at 40 (E.D. Wisc. May 25, 2006); *United States v. Nnaji*, 447 F. App'x 558, 559-61 (5th Cir. 2011); *United States v. Djoumessi*, 538 F.3d 547, 552 (6th Cir. 2008) ("Also unavailing is [defendant's] contention that [victim] necessarily remained voluntarily at his home because he never physically restrained her . . . and she never attempted to escape. But opportunities for escape mean nothing if [defendant] gave her reasons to fear leaving the house-as indeed he did").

[19] *United States v. Luong*, No. 3:20-cr-79-KDB, ECF 74, Jury Instructions at 55 (W.D.N.C. Jan. 8, 2021); *United States v. Nnaji*, No. 4:09-CR-172-A, ECF 84, Jury Instructions at 15 (N.D. Tex. Feb. 2, 2010); *see also United States v. Bradley*, 390 F.3d 145, 153 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) ("the United States need not prove physical restraint, such as the use of chains, barbed wire, or locked doors to establish offense of forced labor;" and the fact that the victim "may have had the opportunity to flee is not determinative of . . . forced labor if...the defendant placed [the victim] in such fear or circumstances" that she did not believe she could leave); *United States v. Bibbs*, 564 F.2d 1165, 1168 (5th Cir. 1977) (holding that "[a] defendant is guilty of holding a person to involuntary servitude if the defendant has placed him in such fear of physical harm that the victim is afraid to leave, regardless of the victim's opportunities for escape").

INSTRUCTION NO. X

**Third Element – Forced Labor: Knowingly**

A person acts knowingly if he acts voluntarily and purposefully, and not because of mistake or inadvertence or other innocent reason.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.  The term "knowingly" does not require the government to prove that a defendant knew he was violating a specific federal law.[20]

Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.[21]

Respectfully submitted,

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS 66101
Phone:  913-551-6730
Fax:  913-551-6754
Email:  Ryan.Huschka@usdoj.gov
KS Bar No. 23840

---

[20] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 82-83 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008); *United States v. Nnaji*, No. 4:09-CR-172-A, ECF 84, Jury Instructions at 12 (N.D. Tex. Feb. 2, 2010); *United States v. Chaudhri*, No. No. 3:19-cr-85, ECF 223, Jury Instructions at 36 (E.D. Va. 2022).

[21] Tenth Circuit Pattern Criminal Jury Instruction 1.37 (2021).

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-353-3539
Email:  Kate.Alexander@usdoj.gov
FL Bar No. 27393


By: */s/ Maryam Zhuravitsky*
Maryam Zhuravitsky
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-532-3592
Email:  Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

By: */s/ Francisco Zornosa*
Francisco Zornosa
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-616-4588
Email:  Francisco.zornosa@usdoj.gov
NY Bar No. 5477245

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

July 11, 2024

_/s/ Ryan J. Huschka_
Ryan J. Huschka
Assistant United States Attorney