UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Case No. 21-20060-JAR |
| KAABA MAJEED,<br>YUNUS RASSOUL,<br>  a.k.a. YUNUS RASSOULL,<br>JAMES STATON,<br>  a.k.a. ADAM WINTHROP,<br>RANDOLPH RODNEY HADLEY,<br>DANIEL AUBREY JENKINS, and<br>DANA PEACH,<br>Defendants. | |

## GOVERNMENT'S OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE

The United States of America, by and through undersigned counsel, respectfully submits these objections to the defendants' proposed voir dire.

### I.    RELEVANT BACKGROUND

On July 11, 2024, defendants Jenkins (Doc. 336), Rassoull (Doc. 340), Staton (Doc. 342), Peach (Doc. 344), filed their proposed voir dire.  Also on July 11, 2024, defendant Majeed joined in defendant Rassoull's voir dire filing.  Doc. 343.  On July 15, 2024, defendant Hadley joined in defendant Rassoull's proposed voir dire filing.  Doc. 345.  The government will address each of the defendants' proposed voir dire in turn.

1

II.    **ANALYSIS**

    **A. Defendant Daniel Aubrey Jenkins (Doc. 336)**

Because Defendant Jenkins filed only a list of six potential topics upon which he intends to question the venire, the government reserves to right to object to individual questions as they arise during voir dire on all topics listed by defendant Jenkins. The government cannot file objections or meaningfully respond to the identification of only broad topics. There may be some questions within a particular topic that are relevant and proper, while others might be objectionable. Additionally, the government objects to the following categories of questions listed by Defendant Jenkins as a whole: Implicit Bias and Dangerous Parts of Town.

It is the government's position that the implicit bias topic is improper and not supported by the case law. *Rosales-Lopez v. United States* is the seminal case dealing with whether a court should inquire during voir dire about implicit bias. 451 U.S. 182 (1981). In that case, the United States Supreme Court held that two prior Supreme Court decisions together "fairly imply that federal trial courts must [inquire into racial prejudice] when requested by a defendant accused of a violent crime and where the defendant and victim are members of different racial or ethnic groups. *Id*. at 192. The Court recognized that "[b]ecause the obligation to impanel an impartial jury lies . . . with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct voir dire. *Id*. at 189. "There are, however, constitutional requirements with respect to questioning prospective jurors about racial or ethnic bias." *Id.* "The 'special circumstances' under which the Constitution requires a question on racial prejudice were described in *Ristaino v. Ross, supra*, 424

U.S. 589 (1976), by contrasting the facts of that case with those in *Ham v. South Carolina, supra,* 409 U.S. 524 (1973), in which [the Court] held it reversible error for a state court to fail to ask such a question." *Id*. "*Ham* involved a black defendant charged with a drug offense." *Id. "*His defense was that the law enforcement officers had 'framed' him in retaliation for his active, and widely known, participation in civil rights activities." *Id. "*The critical factor present in *Ham*, but not present in *Ristaino*, was that racial issues were 'inextricably bound up with the conduct of the trial,' and the consequent need, under all the circumstances, specifically to inquire into possible racial prejudice in order to assure an impartial jury." *Id*. at 189-190 (citing *Ristaino, supra,* 424 U.S., at 596-597). "Although *Ristaino* involved an alleged criminal confrontation between a black assailant and a white victim, that fact pattern alone did not create a need of 'constitutional dimensions' to question the jury concerning racial prejudice." *Id*. at 190 (citing *Ristaino*, 424 U.S. at 596-597). The Court clarified that "[t]here is no constitutional presumption of juror bias for or against members of any particular racial or ethnic groups" . . . nor is there a "per se constitutional rule requiring inquiry as to racial prejudice." *Id*. at 190. The Court further explained that "[t]here may be other circumstances that suggest the need for such an inquiry, but the decision as to whether the total circumstances suggest a reasonable possibility that racial or ethnic prejudice will affect the jury remains primarily with the trial court. *Id*. at 190. "Only when there are more substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in a particular case does the trial court's denial of a defendant's request to examine the jurors' ability to deal with impartially with this subject amount to an unconstitutional abuse of discretion. *Id.* Indeed, the Court found no special circumstances of the constitutional breadth in *Rosales-Lopez*, which

3

involved a Mexican defendant who was tried before a jury for his participation in helping three Mexican immigrants illegally enter the country, that would require such an inquiry.

The Tenth Circuit has also addressed the issue of when to question potential jurors about racial or ethnic bias. In *United States v. Murry*, the court found that the trial court did not err when it denied the defendants' request to question potential jurors about racial or ethnic bias where the case involved four defendants of color, three from different cultural backgrounds, who were charged with marrying to evade immigration laws, making false statements to government officials, and conspiring to commit marriage fraud, even where those marriages were interracial. 31 F.4th 1274, 1290 (10th Cir. 2022).

In this case, the defendants and the victims are from the same racial group. Additionally, the total facts and circumstances of this case do not suggest that there are substantial indications of racial or ethnic prejudice affecting jurors. Therefore, the court should deny defendant's request to inquire of the venire about implicit bias and racial or ethnic prejudice.

The government next objects to the defendant's Dangerous Parts of Town topic, as it is unclear what questions the defendant intends to ask potential jurors. It is further unclear how this proposed topic relates to potential jurors' ability to fairly and impartially weigh the evidence in this case. Questions related to alleged "dangerous parts of town" would require jurors to speculate as to what "dangerous parts of town" means, could inflame the potential jurors, and suggests issues that are not present or proper for the jurors to consider in this case. The government cannot see any legitimate reason or potential line of inquiry related to "dangerous parts of town" that would

be proper in this case, and as such, asks the court to deny defendants' request to question the venire about such topic.

**B.  Defendants Yunus Rassoull, Kaaba Majeed, and Rodney Hadley (Doc. 340)**

The government objects to question 24, which states: "If you were sitting here accused of this serious felony crime, would you be comfortable having yourself as a juror?"  The government believes that to label this offense a "serious felony" is improper and unnecessary to get to the heart of what the defense is attempting to ascertain.  The government would not object to the question if it were phrased as "this crime" instead of "this serious felony crime."

The government further objects to phrase 32 which states, "Children as witnesses."  None of the witnesses in this case will be children, and therefore this question is unnecessary and inappropriate.

**C.  Defendant James Staton (Doc. 342)**

Defendant Staton has provided the court with specific questions as well as potential topics of inquiry.  Again, the government cannot properly file objections or meaningfully respond to such broad topics.  There may be some questions within a particular topic that are relevant and proper, while others may be objectionable.  The government reserves the right to object to individual questions as they arise during voir dire on all topics listed by defendant Staton.  For the reasons discussed above in subsection A, the government specifically objects to topic 8 – Racial and Implicit Bias.

**D.  Defendant Dana Peach (Doc. 344)**

The government objects to all questions listed under "5 – Delay in Prosecution."  Whether or not this case was "delayed" in being brought is not relevant to whether a juror can be fair and impartial and decide the case based on the facts presented and the law as instructed by the Court. A juror's feelings on what the defendant terms "delays in criminal investigations and prosecutions" requires jurors to speculate on whether a delay occurred; what constitutes a delay; suggests the concept of "delay" has some legal significance; and puts in the jurors' minds that issues of alleged "delay" should be part of their consideration in this case.  Defendant Peach's topic 5 suggests that "delay" is somehow improper, suggests that "delay" occurred, and asks the jurors to commit to how they would view any evidence of alleged delay or its consequences before they have heard the first witness testify in this case.  Further, this line of questioning invades the province of the Court.  It is the Court's role to ensure a fair process and trial, and to instruct the jury on how to evaluate and weigh the evidence.

**III.    CONCLUSION**

Based on the foregoing, the government respectfully requests this court deny defendants' requests for the foregoing proposed jury instructions.

> Respectfully submitted,
>
> KATE E. BRUBACHER
> UNITED STATES ATTORNEY
>
> By: */s/ Ryan J. Huschka*
> Ryan J. Huschka
> Assistant United States Attorney
> United States Attorney's Office for the
> District of Kansas

500 State Avenue, Suite 360
Kansas City, KS 66101
Phone:  913-551-6730
Fax:  913-551-6754
Email:  Ryan.Huschka@usdoj.gov
KS Bar No. 23840


KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-353-3539
Email:  Kate.Alexander@usdoj.gov
FL Bar No. 27393


By: */s/ Maryam Zhuravitsky*
Maryam Zhuravitsky
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-532-3592
Email:  Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the above-captioned case.

*s/ Ryan J. Huschka*
RYAN J. HUSCHKA
Assistant United States Attorney
