**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL AUBREY JENKINS,<br><br>    Defendant. | Case No. 21-20060-JAR-05 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Daniel Aubrey Jenkins' Motion for

Release Pending Appeal (Doc. 855).  The motion is fully briefed, and the Court is prepared to

rule.  For the reasons stated in detail below, the Court denies Defendant's motion for release

pending appeal.

**I.      Background**

The Indictment in this case charged Defendant Daniel Aubrey Jenkins in Count 1 with

conspiracy to commit forced labor in violation of 18 U.S.C. §§ 371 and 1589.  Count 7 charged

him with the forced labor of MV 5, in violation of 18 U.S.C. §§ 1589, 1594(a), and 2. Jenkins

proceeded to trial, along with five of his codefendants.  On September 16, 2024, after

deliberating for four days, the jury returned its verdict, finding Jenkins guilty on Count 1 and not

guilty on Count 7.  The Court denied his post-trial motions and sentenced him to four years in

custody.[1]  Jenkins filed a notice of appeal on August 13, 2025.[2]  He now moves for release on

bond pending appeal.  The Government opposes the request.

---

[1] Docs. 586, 658.

[2] Doc. 669.

## II.    Standard

Jenkins moves for release under 18 U.S.C. § 3143(b)(1).[3]  Under that provision, a

defendant "who has been found guilty of an offense and sentenced to a term of imprisonment"

shall be detained unless the Court finds:

> (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

## III.    Discussion

Defendant argues, and the Government does not dispute, that Defendant is not likely to

flee and does not pose a danger to the safety of any other person or the community if released.

As Defendant points out, the Court already determined as part of its order granting him a delay

of self-surrender that he does not pose a risk to public safety or a flight risk.[4]  According to his

motion, Defendant has already voluntarily reported to prison and is currently serving his

sentence.  Thus, the Court proceeds to consider whether Defendant's appeal is not for the

purpose of delay and raises a substantial question of law or fact that is likely to result in reversal,

a new trial, or a reduced sentence.

---

[3] Defendant was not found guilty of an offense for which mandatory detention applies under § 3143(b)(2).

[4] Doc. 710 at 2.

On this second issue, Defendant attaches to his motion his opening appellate brief and argues that his appellate challenge to the Court's "climate of fear" jury instruction raises a substantial question of law that is likely to result in reversal, a new trial, or a reduced sentence. The Government responds that Defendant cannot meet his burden of showing that this is a substantial question of law, or that the request is not a mere delay tactic. The Court agrees with the Government.

Defendant appeals the following language in Instruction 24 on the means element of the forced labor charge:

> To prove this second element, the government is not required to link specific threats or actions taken against the alleged victim to particular labor tasks performed. Instead, the government needs to establish that there was a connection between the threats made or physical restraint by the defendant(s) and the labor and services she rendered. Thus, the government could satisfy the second element by showing a connection between punishments imposed by the defendant(s) and the labor or services at issue, or a climate of fear that was sufficient to cause the alleged victim to perform labor or services against their will.[5]

Defendants argued pretrial that the statute's coercion list of means were in fact elements, and that merely creating a climate of fear is insufficient to demonstrate coercion under § 1589. The Court ruled on this issue in limine, citing several cases in support of its conclusion that evidence of a "climate of fear" that coerces victims into performing labor satisfies the means element of the forced labor charge.[6] Defendant objected to the Government's proposed jury instruction and proposed the following alternative instruction:

> The phrase "by means of" as it appears in Instruction Nos. ____ requires that the specified prohibited conduct by the defendant actually caused a person to provide labor or services. In other words, to find a defendant guilty of Counts 2 through 8, you must

---

[5] Doc. 475, Instr. 24.

[6] Doc. 317 at 11 n.26; *see also* Doc. 586 at 34 (post-trial Order).

> find that, had the defendant *not* engaged in that conduct, then the person named in that count would have declined to provide their labor or services.[7]

The Court used the Government's proposed language, consistent with the Court's earlier ruling that the statute listed means and not elements, and that evidence that a defendant created a climate of fear that compelled the victim's labor was sufficient to meet the "scheme, plan, or pattern" means under the statute.[8]  The Court relied in part on the Government's cited cases where similar jury instructions were given, and where appellate courts have affirmed the principle that convictions under the forced labor statute, and the related statutes prohibiting involuntary servitude under § 1584 and sex trafficking under § 1591, can be based on evidence that the defendant created a climate of fear that compelled the victim to perform labor.[9]

Whether an appeal presents a substantial question is a case-by-case inquiry.[10]  A substantial question "is one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way."[11]  Defendant submits that his appellate brief distinguishes this case from all of the cases relied on by the Court and the Government, and argues that there is not "a single appellate decision that lends support to that instruction."[12]  The Court disagrees that these arguments suffice to present a close question that very well could be decided the other way.  Several cases, including appellate cases, have explained that the statutes governing these offenses are satisfied by evidence that the

---

[7] Doc. 334 at 1.

[8] *See* 18 U.S.C. § 1589 (2000).

[9] Doc. 338 at 11 n.16, 12 nn.18–19.

[10] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc).

[11] *Id.*

[12] Doc. 855 at 4.

defendant created a climate of fear that compels a victim to perform labor.[13]  While Defendant

disputes the authority relied on by the Court, he provides the Court with no contrary authority

that this instruction was in error.

The Court also finds that Defendant does not present a substantial question of law about

whether the Court erred by not instructing that Defendant must have agreed to the means element

of the substantive offense.  Instruction 24 pertained to the substantive offense of forced labor,

including listing the means by which the second element of the offense may be met.  That

offense does not require agreement.  Other instructions governed the conspiracy charge and the

agreement element of that offense.[14]  The Court instructed that agreement was required to

convict Defendants on the conspiracy charge, and provided instructions about the definition of

agreement.  The Tenth Circuit will "review the instructions as a whole de novo to determine

whether they accurately informed the jury of the governing law.[15]  Thus, Defendant does not

present a substantial question about whether the Court should have included the agreement

requirement within the substantive offense instruction, particularly given that Defendants were

charged with both offenses.

---

[13] *See, e.g.*, *United States v. Chaudhri*, 134 F.4th 166, 187 (4th Cir.) (finding sufficient evidence under the second prohibited means and concluding "Appellants created a climate of fear and violence through repeated physical abuse and threats of deportation when they were dissatisfied with M.B.'s work or with her attitude, and that was a scheme, plan, or pattern intended to make M.B. believe she would be deported and/or separated from her children if she did not continue making Appellants happy by completing the assigned labor"), *cert. denied,* 146 S. Ct. 208 (2025); *United States v. Harris*, 701 F.2d 1095, 1100 (4th Cir. 1983) (affirming involuntary servitude conviction based on evidence that the victims saw the defendant physically beat other workers and stand guard outside their door at night in order to prevent them from leaving; reiterating that evidence that a "defendant had contributed to the climate of fear that pervad[ed]" the environment satisfied the statute (citation modified)).

[14] *See* Doc. 475, Instr. 14–21.

[15] *United States v. Pinson*, 542 F.3d 822, 831 (10th Cir. 2008).

5

In sum, Defendant has not shown by clear and convincing evidence that he presents a substantial question of law on appeal that is likely to result in reversal, a new trial, or a reduced sentence.  Thus, under 18 U.S.C. § 3143(b)(1), Defendant must be detained pending appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Daniel Aubrey Jenkins' Motion for Release Pending Appeal (Doc. 855) is **denied**.

**IT IS SO ORDERED.**

Dated: March 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE